**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELONIA BARR,<br>Plaintiff,<br>v.<br>LINEAGE LOGISTICS SERVICES, LLC,<br>Defendant. | Case No. 2:25-cv-16630 (BRM) (ADS)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendant Lineage Logistics Services, LLC's ("Defendant") Motion to Transfer Venue and, in the Alternative, to Compel Arbitration ("Motion"). (ECF No. 22.) Elonia Barr ("Plaintiff") filed an Opposition (ECF No. 23), and Defendant filed a Reply (ECF No. 24). Having reviewed and considered the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendant's Motion to Transfer Venue is **GRANTED,** and Defendant's Motion to Compel Arbitration is **DENIED as moot.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a Complaint in the United States District Court for the District of New Jersey on October 14, 2025. (ECF No. 1.) Plaintiff alleges her former employer, Lineage Logistics Services, LLC, discriminated against her on the basis of her race in violation of under Title VII of the Civil Rights Act. (*Id*. §§ 37–41.)

Defendant is a warehouse and logistics company in the food storage, preparation, and transportation industry. (ECF No. 22-1 at 8; ECF No. 23 at 8.) Defendant is headquartered in Novi,

Michigan. (*Id.*) On May 3, 2019, Plaintiff began working for Defendant as a Customer Care Representative in Defendant's Elizabeth, New Jersey facility. (*Id.*) Plaintiff lived in New Jersey at the time. (*Id.*)

By October 2021, Plaintiff was promoted to Business Analyst, a fully remote role. (*Id.*) The parties dispute whether Plaintiff moved to Florida or merely "split her time" between Florida and New Jersey while Plaintiff worked in this remote role. (ECF No. 22-1 at 8; ECF No. 23 at 8, 17; ECF No. 24 at 1.) In that role, Plaintiff assisted with the production and implementation of a program called Lineage Link, Defendant's customer service platform. (ECF No. 22-1 at 9; ECF No. 23 at 8.)

On November 6, 2022, Amanda Cook ("Cook") became Plaintiff's supervisor. (ECF No. 22-1 at 9; ECF No. 23 at 9.) Cook worked at Defendant's corporate headquarters in Novi, Michigan, and resided in Michigan. (ECF No. 22-1 at 9, 18; ECF No. 23 at 8, 18.) Cook made the decision to place Plaintiff on a Performance Improvement Plan ("PIP"), conducted weekly PIP meetings, and ultimately, terminated Plaintiff's employment, all from Defendant's headquarters in Michigan. (ECF No. 22-1 at 9; ECF No. 23 at 9.)

On April 17, 2026, Defendant filed a pre-motion letter seeking dismissal of the Complaint because Plaintiff failed to exhaust administrative remedies or, in the alternative, to compel arbitration. (ECF No. 11.) On April 28, 2026, Plaintiff filed a response to Defendant's pre-motion letter. (ECF No. 18.) On May 13, 2026, this Court conferred with the parties and scheduled briefing on the Motion. (ECF No. 19.)

## II. Legal Standard

A motion to transfer venue is governed by 28 U.S.C. § 1404(a), which reads: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any

civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Therefore, in deciding a motion to transfer, the Court must first determine whether the alternative forum is a proper venue. *Fernandes v. Deutsche Bank Nat'l Trust Co*., 157 F. Supp. 3d 383, 389 (D.N.J. 2015); *see* 28 U.S.C. § 1391. Venue is appropriate in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Once proper venue is established, "[t]he decision whether to transfer falls in the sound discretion of the trial court." *Park Inn Int'l, L.L.C. v. Mody Enters., Inc*., 105 F. Supp. 2d 370, 377 (D.N.J. 2000). However, "the burden of establishing the need for transfer . . . rests with the movant." *Jumara v. State Farm Ins. Co*., 55 F.3d 873, 879 (3d Cir. 1995); *see also ML Design Grp., LLC v. Young Mgf. Co*., Inc., Civ. A. No. 12-5583, 2013 WL3049174, at *2 (D.N.J. June 17, 2013) ("When requesting transfer, the 'moving party has the burden of demonstrating by a preponderance of the evidence that transfer is appropriate.'" (citation omitted)).

In exercising its discretion and ruling on this motion, a court applies a balancing test considering the three factors enumerated in § 1404(a): (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *Liggett Grp., Inc. v. R.J. Reynolds Tobacco Co.*, 102 F. Supp. 2d 518, 526 (D.N.J. 2000) (citing 28 U.S.C. § 1404(a); *Jumara*, 55 F.3d at 879). These factors are not exclusive and must be applied through a "flexible and individualized analysis . . . made on the unique facts presented in each case." *Id*. at 527 (citation omitted).

The first two factors have been refined into a non-exhaustive list of private and public interest factors for a court to examine and balance. *See Jumara*, 55 F.3d at 879–80. With respect to the private interest factors, a court should consider:

> (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford*, P.C., 21 F. Supp. 2d 465, 474 (D.N.J. 1998) (quoting *Jumara*, 55 F.3d at 879) (internal quotation marks omitted). With respect to the public interest factors, a court should consider:

> (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

*Id*. (quoting *Jumara*, 55 F.3d at 879–80) (internal quotation marks omitted).

## III. DECISION

### A. Personal Jurisdiction

In moving to transfer venue, Defendant contends the Eastern District of Michigan is a proper and superior venue. (ECF No. 22-1 at 7.) An action may be transferred pursuant to the plain language of 28 U.S.C. § 1404(a), where "a district court may transfer any civil action to any other district or division where it might have been brought." Pursuant to 28 U.S.C. § 1391(b)(1), "[a] civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Here, Defendant is the sole defendant in this matter and headquartered in Novi, Michigan (ECF No. 22-1 at 8; ECF No. 23 at 8.)

Accordingly, the Court finds this action could have been brought in the Eastern District of Michigan and may, therefore, proceed with its analysis of weighing private and public interest factors.

### B. The Court Will Transfer This Action to the Eastern District of Michigan

#### 1. Private Interest Factors

##### a. The Parties' Forum Preferences

Plaintiff seeks to proceed in the District of New Jersey because she filed her discrimination complaint in this District. Plaintiff prefers the District of New Jersey because she claims she maintains a primary residence here, and worked out of that home in her Business Analyst role. (ECF No. 23 at 17.) Defendant seeks to transfer venue to the District of East Michigan because that is where Defendant is located. (ECF No. 22-1 at 8; ECF No. 23 at 8.) Courts give a plaintiff's choice of forum less deference when a "substantial part of the events and operative facts in th[e] action" occur outside the transferor district. *Colon v. Pitney Bowes* Corp., Civ. A. No. 06-5016, 2007 WL 496875, at *3 (D.N.J. Feb. 8, 2007). Therefore, the Court examines "whether the claim arose elsewhere." *Jumara*, 55 F.3d at 879–80

##### b. Where the Claim Arose

None of the alleged actions, statements, or employment decision underlying Plaintiff's claims occurred in New Jersey. Plaintiff does not dispute her supervisor was located in Michigan.[1] Plaintiff concedes "Ms. Cook made the decision to place [Plaintiff] on a [PIP], and ultimately, terminate her employment for Lineage headquarters in Michigan." (ECF No. 23 at 9.) Plaintiff

---

[1] Plaintiff admits Cook worked at Defendant's Lineage headquarters at least some of the time. (ECF No. 23 at 9.)

also concedes "Ms. Cook conducted weekly PIP meetings with [Plaintiff] from Ms. Cook's office in Michigan." (*Id.*)

Whether Plaintiff lived full-time in Florida[2] or merely split her time between New Jersey and Florida matters little. *See Papa v. Ins. Grp.*, 822 F.Supp.3d 465, 471–72 (D.N.J. Mar. 3, 2026) (finding transfer was appropriate because the alleged "discriminatory" actions were made by employees located outside of New Jersey, despite the fact plaintiff worked remotely from New Jersey); *see also Kharthchenko v. Am. Oncological Hospital, Inc.*, Civ. A. No. 23-23043, 2025 WL 3140604, at *2–3 (D.N.J. Nov. 10, 2025); *Wayne v. Fuji Photo Film USA Inc.*, Civ. A. No. 07-5536, 2008 WL 3832406, at *2, *4 (E.D. Pa. Aug. 14, 2008).

Plaintiff argues the "lyons share [sic]" of her work for Defendant occurred in New Jersey. (ECF No. 23 at 18.) Plaintiff states the adverse employment decisions (*i.e.*, the PIP and subsequent termination) occurred "on-line" while Plaintiff was in New Jersey. (*Id.*) But in employment discrimination cases, courts consider "where the alleged discriminatory decisions were made instead of where the plaintiff felt the effects of the decisions." *Papa*, 822 F. Supp. 3d at 471–72; *Yacovella v. Apparel Imports, Inc.*, No. 14-5484, 2015 WL 5098009, at *3 (D.N.J. Aug. 31, 2015) (determining transfer motion based on where the decision to terminate employee occurred instead of where employee received his termination letter).

Plaintiff argues *Papa* is distinguishable because she "perform[ed] substantial work for the Elizabeth New Jersey office or to clients who have substantial work in New Jersey" even though Plaintiff worked remotely. (ECF No. 23 at 20.) The Court agrees with Defendant these assertions are vague and do not explain what work Plaintiff performed in New Jersey. Nor does Plaintiff

[2] Defendant provides evidence Plaintiff, in October 2021, changed her address in Defendant's system to her address in Florida, which informed how Defendant administered her tax withholding and payroll. (*See* ECF No. 24 at 3.)

detail how her work impacted the company's operations in New Jersey. Moreover, where Defendant's clients are located or do business is not relevant to this analysis. The parties agree Plaintiff assisted with the production and implementation of a nation-wide program customer service platform. (ECF No. 22-1 at 9; ECF No. 23 at 8.) Nothing in the record suggests this customer service platform targeted New Jersey customers, New Jersey facilities, or New Jersey specifically. Accordingly, the Court finds a "substantial part of the events and operative facts in th[e] action" occurred outside of this District. *Colon*, 2007 WL 496875, at *3.

**c. Convenience Factors**

Defendant claims the convenience factors weigh in favor of transfer because Defendant's main witness, Cook, is a Michigan resident, and because Defendant's other witnesses are not located in New Jersey.[3] (ECF No. 22-1 at 18.) Defendant argues Plaintiff will have to travel either way, either to New Jersey or Michigan, and Plaintiff has not argued she does not have the means to travel.[4] (*Id.*) Plaintiff responds she lives in New Jersey and three of her proposed witnesses are in New Jersey.[5] (ECF No. 23 at 18, 21.)

Plaintiff fails to articulate what expenses her witnesses would incur, or how inconvenienced they would be, by traveling to the Eastern District of Michigan. In contrast, Defendant has indicated its witnesses would face minimal inconvenience by having to travel to their employers' headquarters. Therefore, the Court finds transfer to the Eastern District of Michigan would "prevent the waste of time, energy, and money and [] protect litigants, witnesses and the public

---

[3] Defendant states these three witnesses live in New York, Texas, and California. (ECF No. 22-1 at 18.)

[4] Plaintiff concedes this point. (ECF No. 23 at 21.)

[5] Plaintiff fails to provide declarations or affidavits in support of the same.

against unnecessary inconvenience and expense[.]" *Dinterman v. Nationwide Mut. Ins. Co.*, 26 F. Supp. 2d 747, 749 (E.D. Pa. 1998) (citation omitted).

**2. Public Interest Factors**

Defendant argues a judgment rendered in the Eastern District of Michigan can be enforced in either New Jersey or Florida. (ECF No. 22-1 at 18.) Defendant further notes the case presents no application or interpretation of New Jersey state law. (*Id*. at 19.) Finally, Defendant correctly points out the District of New Jersey's caseload is substantially more congested than the Eastern District of Michigan's caseload.[6] (*Id*.)

Plaintiff concedes these points. (ECF No. 23 at 22.) In fact, Plaintiff claims the public interest factors are "equally divided between the parties." (*Id*. at 23.) In response to Defendant's arguments, Plaintiff states: (1) Defendants' employment decisions impacted a New Jersey resident, and (2) there is no reason why this Court cannot adjudicate this matter timely, appropriately or faithfully. (*Id*. at 22–23.) While this Court would be hard put to deny it could not adjudicate this matter timely, appropriately or faithfully, the Plaintiff's status as a New Jersey resident is not enough to find the public interest factors weigh in favor of retaining Plaintiff's case.

"Defendants have established by a preponderance of evidence that transfer is appropriate 'in the interest of justice.'" *ML Design Grp., LLC*, 2013 WL 3049174, at *4 (quoting 28 U.S.C. § 1404(a)). Accordingly, the Court finds the public interest factors also favor transfer to the Eastern District of Michigan.

**IV. CONCLUSION**

---

[6] Indeed, the District of New Jersey ranks as one of the busiest judicial districts in the nation in terms of total civil filings. Despite its size, it is eighth in terms of weighted civil filings per judgeship. *See Federal Judicial Caseload Statistics*, UNITED STATES COURTS, https://www.uscourts.gov/data-news/data-tables/2026/06/30/statistical-tables-federal-judiciary/x-1a (June 30, 2026).

For the reasons set forth above, the Motion to Transfer Venue (ECF No. 22) is **GRANTED,** and the Motion to Compel Arbitration is **DENIED as moot.** An appropriate order follows.

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: October 8, 2026